McBRIDE, Judge.
Plaintiff has appealed from the judgment of the Twenty-fourth Judicial District Court for the Parish of Jefferson dismissing her suit on an exception of no right and no cause of action.
The petition alleges:
“III.
“That Caspar Stulb and United States Fidelity & Guaranty Company are justly and truly indebted, jointly and in solido, unto your petitioner in the full and true sum of five hundred ($500.00) dollars, with legal interest thereon from date of judicial demand until paid, and all costs of this proceeding, for this, to-wit:
“IV.
“That in the matter entitled ‘United States of America v. Isabel Stulb, et Vir, et als.’ Civil Action No. 2463 of the docket of the District Court of the United States for the Eastern District of Louisiana, New Orleans Division, *366 your petitioner was made defendant in a complaint by the United States Government, asking for triple damages for rental overcharges on various properties owned by her.
“V.
“That your petitioner was made a co-defendant in the above referred to complaint because of illegal actions taken by Caspar Stulb, defendant herein, while acting in his capacity as her curator, and through no fault on her own part.
“VI.
“That notwithstanding this fact, your petitioner was obliged to engage Mr. Warren M. Simon, attorney at law, to defend her against said complaint; that Mr. Simon filed pleadings in answer to said complaint and succeeded in having your petitioner dismissed as a party defendant therein; that Mr. Simon’s charges for professional services rendered in this matter were five hundred ($500.00) dollars.
“VII.
“That all of the transactions out of which the aforesaid . complaint arose occurred wholly within a period of time in which your petitioner was subject to a judgment of interdiction rendered by this Honorable Court in proceedings entitled ‘Interdiction of Mrs. Lillian S. Reisgen’, bearing the number 19062 of the docket of this Court; that said judgment of interdiction was rendered September 9, 1946, and signed September 16, 1946; that Caspar Stulb, defendant, herein, was appointed in these proceedings as your petitioner’s curator; that in this capacity he managed your petitioner’s estate and committed the illegal actions above referred to, namely, charging rents over the rental ceiling set by the Housing Expediter on various properties owned by your petitioner; that he is, therefore, legally responsible for attorney’s fees incurred by your petitioner in defending herself against a complaint brought about by his illegal acts.
“VIII.
“Petitioner further avers that the United States Fidelity & Guaranty Company acted as surety for Caspar Stulb, defendant herein, on his curator’s bond, insuring his legal liability for mal-administration of her property during the period when she was subject to the judgment of interdiction aforesaid, and that under the law of the State of Louisiana, the United States Fidelity & Guaranty Company is liable, jointly and in solido with the said Caspar Stulb, for attorney’s fees incurred by your petitioner as a result of his illegal acts, as set forth herein-above.”
We gather from the allegations that the plaintiff, a former interdict, is seeking to recover from her former curator and his surety the amount of attorney’s fees incurred by plaintiff in having herself released as co-defendant in a suit pending in the local United States District Court.
We believe that the exceptions were properly maintained for at least two reasons :
(1) The petition does not allege that the action in the federal court terminated unfavorably to the defendant, and in view of the apparent fact that the suit is still pending, we do not think that a state court should examine into the merits of the case. If such were to be done, an anomalous situation might arise, for it could be that the federal court might finally decree the nonliability of defendant in the treble-damage suit, while the state court might conclude otherwise from the same facts.
(2) It is the duty of the curator to administer the interdict’s estate as a prudent administrator, and he is responsible for all damages resulting from a bad administration. LSA-C.C. arts. 337, 415. Nowhere is it alleged that defendant’s illegal acts constituted “a bad administration,” nor does the petition recite any facts from which it can be inferred the illegal acts amounted to maladministration on the part of defendant. It is well known that technical violations of the rent regulations were in some cases said to be illegal, but it is *367 also true that many of the violations resulted from inadvertence or from mere errors of judgment. Accepting it as true, as we must, that defendant did act illegally as the petition alleges, such acts, in the final analysis, may be determined to he mere errors of judgment for which the curator would not be held liable as a bad administrator.
The judgment appealed from is affirmed.
Affirmed.